IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | |
|---|---|
| RODNEY S. GREEN, #203949 | * |
| Petitioner, | * |
| v. | * CIVIL NO.: WDQ-10-849 |
| J. MICHAEL STOUFFER, et al. | * |
| Respondents. | * |

\*\*\*

MEMORANDUM OPINION

Pending is Rodney S. Green's habeas corpus petition. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the following reasons, the petition will be denied.

I.  Background

Green is a state inmate at the Maryland Correctional Institution in Jessup, Maryland. On January 17, 1990, Green was sentenced to 30 years imprisonment for second degree murder by Judge Elsbeth Bothe of the Circuit Court for Baltimore City. Paper No. 9, Ex. 1. The sentence began on September 7, 1989. *Id.* He was also sentenced to a consecutive three-year sentence for wearing or carrying a shotgun. *Id.* September 7, 2022 was the maximum expiration date for Green's confinement. *Id.* Exs. 1-2.

On February 14, 1990, Judge Thomas Ward of the Circuit Court for Baltimore City sentenced Green to seven years imprisonment, "to be served consecutive to . . . other terms which [Green] is serving," for contempt and several probation violations for a controlled dangerous substances ("CDS") conviction . *Id.* Exs. 3A-3G. Green received a nine-month credit for time served. *Id.* 3-G. Because Green was serving the 30-year second-degree murder conviction at that time, the DOC calculated the 7-year term as running consecutive to that sentence and not the

aggregate 33-year term imposed by Judge Bothe .[1]  *Id.*, Ex. 2.  The resulting maximum expiration date for Green's confinement was December 7, 2025.  *Id.*

On March 13, 1990, Judge Joseph I. Pines of the Circuit Court for Baltimore City ordered Green to serve 6 ½ years for a probation violation on an assault conviction, and a concurrent three-year term for a probation violation on a handgun conviction.  *Id.*, Ex. 4.  Judge Pines's sentence, with credit for 109 days served, was to run consecutively to Judge Ward's sentence of February 1990.  *Id.*  The resulting maximum expiration date for Green's confinement became February 20, 2032.

Green has been awarded 4,236 diminution credits against his 30-year sentence: (1) 2,525 were good conduct credits; (2) 929 were special project credits, (3) 970 were industrial credits, and (4) 37 were educational credits.  Paper No. 9, Ex. 5.  These credits make July 16, 2020 the maximum expiration date for Green's 30-year sentence.  *Id.*

In November 2007, Green filed a petition for writ of habeas corpus in the Circuit Court for Baltimore City.  In that petition, he argued that the DOC should have calculated Judge Ward's and Judge Pines's sentences to run concurrently with his 33-year sentence, and he is entitled an additional 1,832 diminution credits on those sentences.  Paper No. 1; Paper No. 9, Ex. 6.  The court denied his petition.

On April 5, 2010, Green's federal petition for habeas corpus was filed.  Paper No. 1.

II.  Analysis

Green asserts that his continued confinement is illegal because he has been denied diminution credits against his probation violation sentences.  Paper No. 1 ¶ 7.  Green contends that

---

[1] This sentence structure was based on *Robinson v. Lee*, 317 Md. 371, 377-78 (1989)(sentence is consecutive to only sentence being served, not to preexisting, unserved sentences).

the sentence calculation worksheets do not accurately reflect his sentence structure. *Id.* He argues that his continued confinement violates his "due process right to be free." *Id.* 11. The Respondents argue that Green's petition should be dismissed because it is time barred under 28 U.S.C. § 2244(d), presents no federal issue, and the state's adjudication of Green's claims was neither contrary to, nor involved an unreasonable application of, clearly established federal law. Paper No. 9 5-7.

Green argues that DOC should have considered his probation violation sentences as running from the date of his underlying convictions rather than after Judge Bothe's sentence. Paper No. 1 7. He contends that he is entitled to an additional 1,832 diminution credits against the probation violation sentences, because DOC improperly computed his sentence under Maryland law. *Id.* [2] Alleged errors of state law do not provide a basis for federal habeas corpus relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)("federal habeas corpus relief does not lie for errors of state law . . . it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions") (internal citations omitted). Green's contention that DOC's computation of his sentence violates Maryland law is not cognizable under this Court's federal habeas corpus jurisdiction.[3]

---

[2] Diminution credits are awarded for only the sentence an inmate is currently serving. *See Demby v. Secretary*, 163 Md. App. 47 (Md. Ct. Spec. App. 2005). Accordingly, Green has only been awarded diminution credits against the 30 year sentence he is currently serving.

[3] Green's claim lacks merit. *See DiPietrantonio v. State,* 61 Md. App. 528, 534-35 (Md. Ct. Spec. App. 1985)(suspended sentence reimposed upon probation revocation properly ran consecutive to current sentence imposed during the interim).

3

III.     Conclusion

For the reasons stated above, Green's petition will be dismissed. A certificate of appealability will not issue because Green has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

 October 28, 2010                                                                    /s/
Date                                                                        William D. Quarles, Jr.
                                                                            United States District Judge